IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUDREY NEWSON-MEDINA,

Plaintiff,

vs.

CIVIL NO. 01-280 BRG

ELOY NUNEZ and BERNALILLO
COUNTY DETENTION CENTER,

Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Audrey Newson-Medina ("Newson-Medina"), seeks the Court's order authorizing her to proceed with litigation without the payment of costs or fees. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive these fees. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Newson-Medina submitted an affidavit indicating that she earns $1,280 per month, is divorced and is the sole support for herself and two minor children; she owns no real estate or significant assets; and that after payment of necessary living expenses, she is without funds sufficient to prosecute this litigation. Based on Newson-Medina's affidavit, the Court concludes that she is indigent and the Court will authorize the filing of her complaint without the payment of a filing fee.

## *Sua Sponte* **Analysis**

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in the pleading may be cured by appropriate amendments, the dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Newson-Medina's complaint.

## **Insufficient Allegations of Federal Court Jurisdiction**

Newson-Medina files her complaint in federal district court, but makes no indication concerning the basis of the court's jurisdiction. Title 28, § 1331 may be her intended basis of jurisdiction, as § 1331 provides for federal question jurisdiction. It is possible that Newson-Medina

2

wishes to bring a claim against her employer under Title VII of the Civil Rights Act. However, she does not so indicate. A liberal reading of her documents suggests that her claim may be based on a federal statute. Thus, Newson-Medina should be afforded an opportunity to amend her complaint to specifically delineate the basis of this Court's jurisdiction.

## Rule 12(b)(6)

Newson-Medina failed to file any complaint. Instead, she appends to her application to proceed *in forma pauperis* various exhibits, including a statement to Mary Hahn from Bernalillo County Detention Center inmate Patrick Aragon concerning "vulgar language" used towards Correctional Officer Medina by Correctional Officer Eloy Nunez. The statement is dated April 27, 2000. Secondly, Plaintiff appends to her application another statement signed by J.R. Kisor concerning a March 27, 2000 statement made by Eloy Nunez concerning Plaintiff ("Can you smell her when she comes in or what?")("What is she your girlfriend[?] You're offly [sic] friendly to one another.").

The third attachment to Newson-Medina's application is a Bernalillo County Detention Center log, the significance of which is unknown. The log does not refer either to Plaintiff or to Nunez. The fourth attachment is a statement by Dan Barriga, dated February 28, 2001, and relates to some conduct allegedly occurring between November 1999 and January 2000. Barriga states, "Eloy Nunez would approach me making comments such as: He use [sic] to say you are always on Co. Audrey butt [sic]." "You're always following her like a puppy dog, sniffing up her butt."

The fifth attachment to her application for *in forma pauperis* status is an Officer Report addressed to Lt. Sam Garcia from Newson-Medina, dated March 29, 2000, wherein she reports an incident allegedly occurring on February 21, 2000. Plaintiff reports:

3

> CO Eloy Nunes walks out of restroom with his pants down showing his private part. I tell CO Eloy Nunez that wasn't nice and not to disrespect me like that. I just turned my head and looked out the window. I refused to look his direction. CO Eloy Nunez states, "Is This Big Enough For you?" Also making comments in spanish of somewhat pretaining [sic] to words of "cabeca," meaning heads [sic] in english.

Finally, Newson-Medina appends an undated, unsigned statement, apparently written by her, concerning inappropriate comments and remarks made by someone, apparently Nunez, including "get your black ass to level soon," "Lazy Bitch" and "Lazy Black Bitch."

In liberally construing these statements, it appears that Newson-Medina is seeking to state a claim or cause of action for violation of Title VII of the Civil Rights Act, or, perhaps, violations of New Mexico's Human Rights Act. In granting liberal construction to the statements, it appears that Newson-Medina could successfully plead a Title VII or Human Rights Act violation claim if she has administratively exhausted her complaints by appropriate filings with the U.S. Equal Employment Opportunity Commission or the State's Human Rights Commission. None of the attachments make any reference to administrative exhaustion. Thus, there is no way of determining whether her prepared complaint has wound its way through the mandatory administrative process; whether 180 days elapsed from the filing; whether a right-to-sue letter was issued; and whether the prepared complaint is timely filed.

Newson-Medina failed to comply with pleading requirements under Fed. R. Civ. P. 8, and her complaint cannot withstand judicial scrutiny under Rule 12(b)(6). Newson-Medina failed to file a complaint and because her attachments do not state an actionable claim, her "complaint" must be dismissed without prejudice. However, Newson-Medina should be afforded additional time to file an appropriate first amended complaint in conformity with the pleading requirements of Rule 8.

Newson-Medina is urged to secure the services of legal counsel to assist her, and may wish to contact the Albuquerque Legal Aid Society or the State Bar of New Mexico for assistance.

Newson-Medina is granted twenty days from entry of this order within which to file an appropriate first amended complaint.

UNITED STATES DISTRICT JUDGE